**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA DIMMING, a single man, | No. CV-09-189-TUC-CKJ |
| Plaintiff, | |
| vs. | **ORDER** |
| PIMA COUNTY, *et al.*, | |
| Defendant. | |

Pending before this Court is Defendants' Motion to Dismiss [Doc. #23]. Plaintiff filed his response [Doc. #25] and Defendants replied [Doc. #26].

*Procedural Background*

On April 1, 2009, Plaintiff filed his Complaint [Doc. #1] in the current cause of action. Plaintiff filed his Amended Complaint [Doc. #2] later the same day. On May 5, 2009, Defendants filed their Motion to Dismiss [Doc. #23]. Defendants move to dismiss Plaintiff's second cause of action, a state negligence claim. Amended Compl. at 6. Defendants assert 1) that Plaintiff's state law negligence claim is barred by the statute of limitations; and 2) that because Plaintiff brought the state negligence claim in Pima County Superior Court, and it was dismissed because of his failure to comply with Arizona's Notice of Claim Statute, this Court should abstain from taking jurisdiction. Plaintiff asserts that his state law negligence

1  claim was timely filed and argues that this Court must exercise its supplemental jurisdiction
2  pursuant to 28 U.S.C. § 1367(c).

3  Plaintiff filed his state tort claim in Pima County Superior Court on December 8,
4  2008. On March 17, 2009, the superior court judge granted Defendants' motion to dismiss.
5  On March 25, 2009, Plaintiff appealed the superior court judgment. On October 27, 2009,
6  the Arizona Court of Appeals affirmed the lower court's dismissal. On November 24, 2009,
7  Plaintiff filed a petition for review by the Arizona State Supreme Court, which is still
8  pending.

10 *Analysis*

11  The doctrine of res judicata, or "claim preclusion," mandates that "a final judgment
12 on the merits of an action precludes the parties or their privies from relitigating issues that
13 were or could have been raised in that action." *San Remo Hotel, L.P. v. City and County of*
14 *San Francisco, CA*, 545 U.S. 323, 336 n.16, 125 S.Ct. 2491, 2500 n.16, 162 L.Ed.2d 315
15 (2005) (citations omitted). Thus, "[t]he final judgment puts an end to the cause of action,
16 which cannot again be brought in litigation between the parties upon any ground whatever.'"
17 *Nevada v. U.S.*, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983) (citations
18 omitted).

19  It is well-settled law that "a federal court must give to a state-court judgment the same
20 preclusive effect as would be given that judgment under the law of the State in which the
21 judgment was rendered." *Migra v. Warren City School District Board of Education*, 465
22 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Consistent with federal authority,
23 Arizona law mandates that "[t]he doctrine of res judicata will preclude a claim when a former
24 judgment on the merits was rendered by a court of competent jurisdiction and the matter now
25 in issue between the same parties or their privities was, or might have been, determined in
26 the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999). Furthermore,
27 "[a] judgment of dismissal 'with prejudice' is the same as a judgment for defendant on the

1  merits, and, of course, is res judicata as to every matter litigated." *Roden v. Roden*, 29 Ariz. 549, 553, 243 P. 413, 415 (1926).

Here, the Pima County Superior Court, a court of competent jurisdiction, issued a judgment on the merits regarding Plaintiff's state law negligence claim. The parties in the state court cause of action are identical to the parties currently before this Court. As such, Plaintiff's state law negligence claim is barred by the doctrine of res judicata and will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss [Doc. #23] is GRANTED;

2. All other pending motions are DENIED AS MOOT; and

3. Defendants are directed to Answer or file a responsive pleading as to Plaintiff's § 1983 claims within forty (40) days from the date of this Order.

DATED this 29th day of January, 2010.

_____
Cindy K. Jorgenson
United States District Judge