**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA DIMMING, a single man, | No. CV-09-189-TUC-CKJ |
| Plaintiff, | |
| vs. | **ORDER** |
| PIMA COUNTY, *et al.*, | |
| Defendant. | |

Pending before this Court is Defendants' Motion to Dismiss [Doc. 42]. Plaintiff filed his response [Doc. 56] and Defendants replied [Doc. 58].

## I.    FACTUAL BACKGROUND

Plaintiff's claims arise from an incident on March 29, 2007. Defendant deputies responded to a disturbance involving Plaintiff near Vail, Arizona. Plaintiff was arrested, and in the process of being taken into custody Defendant deputies employed a Taser to subdue him. While Plaintiff was immobilized from the taser, a Pima County Sheriff's patrol car rolled over him and dragged him for some distance. Plaintiff allegedly suffered serious abrasions, and while he was pinned under the car and his clothes caught fire resulting in third degree burns.

Plaintiff alleges that the deputies displayed deliberate indifference by allowing him to be run over and then by using the car as a means to restrain him. Plaintiff was transported to a burn unit in Maricopa County for surgery and treatment. Plaintiff also alleges that

Defendant Sheriff Dupnik and the Pima County Sheriff's Department, as a matter of policy, custom, and practice has failed to properly train, supervise, direct or control his deputies concerning the rights of citizens. Plaintiff further alleges that Defendant Sheriff Dupnik and the Pima County Sheriff's Department failed to properly investigate, sanction or discipline his deputies.

Plaintiff's allegations implicate both the 4th and 14th Amendments of the United States Constitution in violation of his civil rights pursuant to § 1983, 42 U.S.C. Plaintiff also asserts a cause of action for negligence under Arizona state law. Plaintiff asserts respondeat superior liability against Defendant Sheriff Dupnik and the Pima County Sheriff's Department, and has also named the spouses of the Defendant deputies.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint [Doc. 1] on April 1, 2009. Later that same day, Plaintiff filed his Amended Complaint [Doc. 2]. Defendants filed their Motion to Dismiss [Doc. 23] on May 5, 2009. Defendants sought dismissal of Plaintiff's state law negligence claim because it had been brought in Pima County Superior Court and was dismissed because of his failure to comply with Arizona's Notice of Claim Statute. On February 1, 2010, this Court dismissed Plaintiff's state law negligence claim based on *res judicata*. On February 5, 2010, Defendants filed their Answer [Doc. 28].

On March 22, 2010, this Court held a Rule 16 Scheduling Conference. On April 30, 2010, Plaintiff filed his Second Amended Complaint [Doc. 40]. On May 10, 2010, Defendants filed their second Motion to Dismiss [Doc. 42]. The Court held oral argument regarding the Motion to Dismiss [Doc. 42] on February 4, 2011.

## III.   STANDARD OF REVIEW

This matter is before the Court on Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ.

P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

## IV.   ANALYSIS

### A. Negligence Claim

Defendants aver that this Court's February 1, 2010 Order [Doc. 27] dismissed Plaintiff's negligence claims. Plaintiff agreed and withdrew the negligence claim in his Motion to Strike [Doc. 44] filed on May 19, 2010.

### B. Claim Based on Policy, Custom and Practice

Defendants argue that all of Plaintiff's claims "based on policy, custom and practice should be dismissed as being wholly conclusory, unsupported by any factual allegations, and insufficient to withstand dismissal under *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009). Defs.' Mot. to Dismiss at 3. Plaintiff alleges that Defendants Dupnik and the Pima County Sheriff's Department, "as a matter of policy, custom and practice, has with deliberate indifference failed to properly train, supervise, direct or control his deputies concerning the rights of citizens, and has failed to investigate, sanction or discipline his deputies, including

1  the deputies in this case, for violations of the constitutional rights of citizens, thereby causing
2  the deputies in this case to engage in unlawful conduct, including the actions complained of
3  in this case, and violating the Plaintiffs [sic] rights under the 4th and 14th Amendments to
4  the United States Constitution." Pl.'s Resp. to Defs.' Mot. to Dismiss at 2. In his Complaint,
5  Plaintiff relies solely on the facts averred as to the March 29, 2007 incident to assert his
6  claims against the Sheriff and Pima County.

7  "[A] local government may not be sued under § 1983 for an injury inflicted solely by
8  its employees or agents. Instead it is when execution of a government's policy or custom,
9  whether made by its lawmakers or by those whose edicts or acts may fairly be said to
10 represent official policy, inflicts the injury that the government as an entity is responsible
11 under § 1983." *Monell v. Dept. of Soc. Services of New York*, 436 U.S. 658, 694-95, 98 S.Ct.
12 2018, 2037-38, 56 L.Ed.2d 611 (1978). Moreover, "'bare assertions . . . amount[ing] to
13 nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination
14 claim,' for the purposes of ruling on a motion to dismiss are not entitled to an assumption of
15 truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, – U.S.
16 –, 129 S.Ct. at 1951). "[F]or a complaint to survive a motion to dismiss, the non-conclusory
17 'factual content,' and reasonable inferences from that content, must be plausibly suggestive
18 of a claim entitling the plaintiff to relief." *Id.* (citing *Iqbal*, 129 S.Ct. at 1949).

19 Plaintiff's First Amended Complaint states:

> Defendant Sheriff Clarence W. Dupnik and the Pima County Sheriff's Department, as a matter of policy, custom, and practice, has with deliberate indifference failed to properly train, supervise, direct, or control his deputies concerning the rights of citizens, thereby causing defendant deputies to engage in the unlawful conduct described above.

> Defendant Sheriff Clarence W. Dupnik and the Pima County Sheriff's Department, as a matter of policy, custom, and practice, has with deliberate indifference failed to properly investigate, sanction or discipline his deputies, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing deputies, including the defendants in this case, to engage in unlawful conduct, including the actions of the deputies complained of herein.

27 Pl.'s First Amended Compl. [Doc. 40] at ¶¶ 15-16. These allegations against Defendant
28 Sheriff Dupnik and Pima County without *any* factual content to support it, "is just the sort

1    of conclusory allegation that the *Iqbal* Court deemed inadequate." *Moss*, 572 F.3d at 970
2    (finding allegations of systemic viewpoint discrimination at the highest levels of the Secret
3    Service without any factual support similarly inadequate). "[P]roof of random acts or
4    isolated events are insufficient to establish custom." *Thompson v. City of Los Angeles*, 885
5    F.2d 1439, 1444 (9th Cir. 1989). At oral argument, Plaintiff's counsel stated that his case
6    was not based upon this incident alone; however, he could not point to any other situations
7    in which the Defendant County or Sheriff failed to "investigate, sanction or discipline"
8    giving rise to the instant case. Pl.'s First Amended Compl. at ¶ 16. Indeed, no facts have
9    been alleged to suggest "a 'permanent and well-settled' practice" by Defendants to support
10    a § 1983 claim based on policy, custom, and practice. *See Thompson*, 885 F.2d at 1444.

11    "Dismissal without leave to amend is improper unless it is clear, upon de novo review,
12    that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun
13    Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.2004). Although Plaintiff stated the legal
14    elements of a cause of action against the Defendant County and Sheriff under a theory of
15    failure to train and investigate, he has failed to plead any facts that could support such a
16    claim. Furthermore, during oral argument Plaintiff averred that he was not relying solely on
17    the March 29, 2007 incident, but could not point to any facts, specific or otherwise, that
18    would support such a claim. *See Krainski v. Nevada ex rel. Bd. of Regents of the Nevada
19    System of Higher Education*, 616 F.3d 963 (9th Cir. 2010) (plaintiff conceded that there were
20    no new facts that she would include, and therefore the district court did not abuse its
21    discretion in denying leave to amend). This Court has already allowed Plaintiff to amend his
22    Complaint once, and based on the lack of facts in support of Plaintiff's claims, it is reticent
23    to allow further amendments. As such, this Court will dismiss Plaintiff's claims based upon
24    policy, custom and practice.

25    . . .
26    . . .
27    . . .
28    . . .

*C. Claim Against Defendant Sheriff Dupnik in his Individual Capacity*

Defendants argue that Plaintiff has failed to allege any facts to sustain Plaintiff's claims against Defendant Sheriff in his individual capacity. Plaintiff disagrees, without any concrete argument as to why the claim should not be dismissed.

The Ninth Circuit Court of Appeals has clearly stated that, "[i]n a section 1983 claim, 'a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corrales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal citations omitted). Further, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* (internal citations omitted). Finally, "[t]he requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Id.* (internal citations omitted).

Plaintiff has failed to state any facts to support an individual claim against Defendant Sheriff Dupnik. The Second Amended Complaint is devoid of any facts to support that Defendant Sheriff Dupnik either knew of, supported or acted indifferently regarding the actions of his subordinates. As such, Plaintiff's claims against Defendant Sheriff Dupnik in his individual capacity should be dismissed.

*D. Claims Against Spouses*

Defendants seek dismissal of Plaintiff's claims against spouses of the individually named deputies. At oral argument, Plaintiff indicated that he would withdraw this claim. As such, this Court will dismiss the individual spouses.

. . .

. . .

- 6 -

*E. Scheduling Order*

During the February 4, 2011 hearing, the Court amended its previous Scheduling Order [Doc. 34]. In light of the passing of one of the deadlines set and in its discretion, the Court will extend the dates set during that hearing. *Penk v. Oregon State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987) ("The court has broad discretion in fashioning appropriate scheduling orders.").

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss [Doc. 42] is GRANTED. Plaintiff's claims based upon policy, custom and practice, and against Defendant Sheriff Clarence Dupnik in his individual capacity are dismissed;[1]

2. Plaintiff's expert witness disclosure shall occur on or before **April 11, 2011**. Defendants' expert witness disclosure shall occur on or before **June 10, 2011**. Rebuttal expert disclosure shall occur on or before **July 11, 2011**;

3. Dispositive motions shall be filed on or before **September 1, 2011**; and

4. A Joint Proposed Pretrial Order shall be filed on or before **October 3, 2011**, or within thirty (30) days of the Court's ruling on any pre-trial motion.

DATED this 10th day of March, 2011.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] The Court notes that Plaintiff has already withdrawn his negligence claims, as well as his claims against the spouses of the individual deputy defendants.